**BERCOVITCH LAW OFFICES, P.C.**                    Attorneys for Plaintiff
David M. Bercovitch, Esq.
Attorney Id.: 315026
100 S Broad Street,
Land Title Building, Suite 1330
Philadelphia, PA 19110
Phone: (215) 220-6310; Fax: 215-501-5788
Email: david@BercLaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**CIVIL ACTION**

| | | |
|---|---|---|
| **ALTYNGUL DAKIEVA** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civ. No.:** |
| v. | : | |
| | : | |
| **VOLODYMYR KURYLO a/k/a** | : | |
| **VOLODYA** | : | |
| | : | |
| and | : | |
| | : | |
| **VITALII VITIUK** | : | |
| | : | |
| and | : | |
| | : | |
| **VASYL AVRAM** | : | |
| | : | |
| And | : | |
| | : | |
| **VA LOGISTICS INC.** | : | |
| **Defendants.** | : | |

**CIVIL ACTION COMPLAINT**

Plaintiff, Altyngul Dakieva, by and through undersigned counsel, hereby brings this action

against defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and VA

Logistics, Inc. and alleges as follows:

**JURISDICTION AND VENUE**

1.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §

1332(a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and

costs and the plaintiff and defendant are citizens of different States.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (c).

## PARTIES

3.      Plaintiff, Altyngul Dakieva is an adult individual and is a citizen of the State of

New York.

4.      Upon information and belief Defendant, Volodymyr Kurylo a/k/a Volodya is an

adult individual and is a citizen of the Commonwealth of Pennsylvania.

5.      Upon information and belief Defendant, Vitalii Vitiuk is an adult individual and is

a citizen of the Commonwealth of Pennsylvania.

6.      Upon information and belief Defendant, Vasyl Avram is an adult individual and is

a citizen of the Commonwealth of Pennsylvania.

7.      Defendant VA Logistics, Inc.  is a corporation organized and existing under the

laws of the Commonwealth of Pennsylvania with its principal place of business located at 7800

Bristol Pike, Levittown, PA 19057.

## FACTUAL BACKGROUND

8.      Defendant VA Logistics, Inc. is a trucking company engaged in the business of

transporting goods for hire throughout the United States.

9.      Upon information and belief defendants, Volodymyr Kurylo a/k/a Volodya,

Vitalii Vitiuk, Vasyl Avram are officers, directors, shareholders, principals, agents and/or

otherwise have control over defendant VA Logistics, Inc.

10.     On or about, May 2021 plaintiff, Altyngul Dakieva obtained her commercial driver's license.

11.     At that time, she began working with Defendant VA Logistics, Inc. as a "co-driver."

12.     A "co-driver" rides with the truck driver to aid in the trucking duties.

13.     Miss Dakieva goal was to save up enough money to purchase her own truck. Miss Dakieva dreamed of becoming an owner-operator truck driver.

14.     On or about February, 2022 Miss Dakieva saved up enough money to purchase a truck and began searching for one to purchase.

15.     Due to supply chain issues, Miss Dakieva was having difficulty finding a truck to purchase.

16.     During Miss Dakieva's search, she had a conversation with defendant Volodymyr Kurylo. Volodymyr represented that Miss Dakiava could purchase a truck from defendant VA Logistics Inc.

17.     From February until the end of March, Miss Dakieva saw a few trucks that All Defendants had offered Miss Dakieva to purchase.

18.     After numerous conversations with All Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and/or VA Logistics, Inc, Miss Dakieva agreed to purchase a truck.

19.     On or about March 23rd, 2022, Miss Dakieva agreed to purchase a Volvo 860 VNL from defendants for the sum of $216,000 with $76,000.00 due as a down payment. The remaining amount due on the truck was to be financed over 5 years with 8% Apr.

20.     On March 25th, 2022, Miss Dakieva made payment to VA Logistics, Inc $76,000. However, VA Logistics did not deliver the truck nor did VA Logistics produce a bill of sale, title or any other documentation.

21.     Rather, Defendant Volodymyr made an illusory promise to provide the paperwork at a later date.

22.     From March 23rd – April 4th, 2022 there were numerous conversations, phone calls and text messages with all defendants about delivering the appropriate paperwork and truck to Miss Dakieva.

23.     On April 4th, 2022 Miss Dakieva learned that the truck she had purchased was no longer at defendant VA Logistic, Inc.'s property.

24.     Miss Dakieva confronted Volodymyr about the missing truck. Defendant Volodymyr admitted the truck was sold to someone else but he would have a new truck for her in a few days.

25.     On April 11, 2022 Miss Dakieva went back to VA Logistics, Inc office to view the "new truck" Defendant Volodymyr was offering as a replacement.

26.     Miss Dakieva, agreed to accept a new truck, Volvo 860, Vin # 4V4NC9EH9PN606687, 2023 with 70 miles on the odometer.

27.     Unknown to Miss Dakieva, all defendants did not have clear title to the truck. The truck was encumbered by a lien as it was purchased through a bank note.

28.     Again, Miss Dakieava did not leave with any paperwork nor the truck on this date.

29.     On April 12th, 2022 defendant VA Logistics gave Miss Dakieva temporary

registration and temporary insurance so Miss Dakieva can begin using the truck. However, no

bill of sale or title was produced.

30.     On April 15th, 2022 Miss Dakieva began working with the truck.

31.     On May 9th, 2022, after a month of numerous inquiries by Miss Dakieva about

when she will receive the bill of sale for the truck, All Defendants met with Miss Dakieva at

defendant VA Logistics, Inc. orally confirmed all the pertinent parts of the transactions.

However, it has become clear this was just an attempt to defraud Miss Dakieva as All

Defendants never had clear title to convey.

32.     On or about May 9th, 2022, when Miss Dakieva reviewed on MV-1 (application

for registration form that showed the truck was encumbered by a lien form the bank note

defendant VA Logistics, Inc used to purchase the truck.

33.     On May 16th, 2022 Miss Dakieva returned the truck to all defendants and

demanded a refund of her $76,000.

34.     All defendants refused to give Miss Dakieva a refund. Miss Dakieva left the keys

and the truck at defendant VA Logistics, Inc's and left.

### COUNT I – FRAUD
(Plaintiff, Altyngul Dakieva v. Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk,
Vasyl Avram and VA Logistics, Inc.)

35.     Plaintiff incorporates by reference paragraphs 1 – 34 as if fully set forth herein at

length.

36.     Defendants Volodymyr Kurylo a/k/a Volodya and Vitalii Vitiuk have a history of

defrauding as they were federally prosecuted and convicted of 18:1952(a)(1), Use of a facility in

interstate commerce to promote unlawful activity; USDC, Eastern District of PA, Case Number2:15-cr-00584-RBS.

37.     Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and VA Logistics, Inc. all made misrepresentations to Miss Dakieva when they attempted to convey title to a truck without disclosing the truck's title was encumbered by a lien.

38.     The aforementioned misrepresentation by All Defendants induced Miss Dakieva to make a $76,000 down payment.

39.     Miss Dakieva relied upon the fact she was receiving clear title to the truck when she gave all defendants $76,000.

40.     Miss Dakieva suffered numerous damages, including but not limited to, losing $76,000; loss of income; other consequential damages and statutory penalties.

41.     The damage Miss Dakieva suffered, and continues to suffer, was a direct and proximate result of All Defendants fraud.

**WHEREFORE**, plaintiff, Altyngul Dakieva, demand an award against Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and VA Logistics, Inc. for compensatory, statutory, punitive, and consequential damages; interest; costs; attorney's fees, delay damages and any other relief this Court deems appropriate.

### COUNT II – DECEIT
(Plaintiff, Altyngul Dakieva v. Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and VA Logistics, Inc)

42.     Plaintiff incorporates by reference paragraphs 1 – 41 as if fully set forth herein at length.

43.     Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and VA Logistics, Inc. all made false representation of fact to Miss Dakieva when they attempted to convey title to a truck without disclosing the truck's title was encumbered by a lien.

44.     All Defendants knowingly made the aforesaid false representation of fact because they knew or should have known the title to the truck was encumbered by a lien but failed to disclose said fact to Miss Dakieva.

45.     As a result of All Defendants false representation, Miss Dakieva was harmed by purchasing a truck that is encumbered by a lien.

46.     All defendants sustained no injury or damages as a result of their knowingly false statements.

47.     The damage Miss Dakieva suffered, and continues to suffer, is a direct and proximate result of All Defendants deceit.

**WHEREFORE**, plaintiff, Altyngul Dakieva, demand an award against Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and VA Logistics, Inc. for compensatory, statutory, punitive, and consequential damages; interest; costs; attorney's fees, delay damages and any other relief this Court deems appropriate.

### III – CONVERSION
(Plaintiff, Altyngul Dakieva v. Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and VA Logistics, Inc.)

48.     Plaintiff incorporates by reference paragraphs 1 – 47 as if fully set forth herein at length

49.     Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and VA Logistics, Inc. all took part in dispossessing Miss Dakieva of $76,000.

50.    Despite Miss Dakieva's repeated requests to return the $76,000 All Defendants have refused thereby permanently depriving Miss Dakieva of the $76,000.

51.    The aforesaid deprivation of the $76,000 is without consent and without lawful justification as they have no right to keep Miss Dakieva's money once she terminated the sale because of the discovery of the lien on the truck's title.

52.    The damage Miss Dakieva suffered, and continues to suffer, is a direct and proximate result of All Defendants conversion of the $76,000.

**WHEREFORE**, plaintiff, Altyngul Dakieva, demand an award against Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and VA Logistics, Inc. for compensatory, statutory, punitive, and consequential damages; interest; costs; attorney's fees, delay damages and any other relief this Court deems appropriate.

### COUNT IV – NEGLIGENT MISREPRESENTATION
(Plaintiff, Altyngul Dakieva v. Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and VA Logistics, Inc.)

53.    Plaintiff incorporates by reference paragraphs 1 – 52 as if fully set forth herein at length.

54.    Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and VA Logistics, Inc. all made misrepresentations to Miss Dakieva when they attempted to convey title to a truck without disclosing the truck's title was encumbered by a lien.

55.    At all times material hereto, All Defendants owed a legally-recognized duty to inform Miss Dakieva of material facts like a lien on the title.

56.     This misrepresentation was material to Miss Dakieva decision to purchase the truck, and Miss Dakieva would not have done so had she known the truth behind the misrepresentations.

57.     These misrepresentations were intended to induce the Miss Dakieva into purchasing the truck and resulted in injury to Miss Dakieva after giving All Defendants $76,000 in justifiable reliance of the misrepresentation.

58.     Miss Dakieva suffered numerous damages, including but not limited to, losing $76,000; loss of income; other consequential damages and statutory penalties.

59.     The damage Miss Dakieva suffered, and continues to suffer, is a direct and proximate result of All Defendants misrepresentations.

**WHEREFORE**, plaintiff, Altyngul Dakieva, demand an award against Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and VA Logistics, Inc. for compensatory, statutory, punitive, and consequential damages; interest; costs; attorney's fees, delay damages and any other relief this Court deems appropriate.

## COUNT IV – VIOLATION OF THE UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW – 73 Pa.C.S.A. § 201-1, et seq.
(Plaintiff, Altyngul Dakieva v. Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and VA Logistics, Inc.)

60.     Plaintiff incorporates by reference paragraphs 1 – 59 as if fully set forth herein at length.

61.     Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and VA Logistics, Inc. all committed unfair and deceptive business practices prohibited by the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S.A. § 201-1, et seq., by both (a) individually and jointly committing the acts of malfeasance and/or misfeasance

set forth supra and (b) individually and jointly unnecessarily and unreasonably compelling

litigation.

62.    All defendants knowingly attempted to sell Miss Dakieva a truck that was

encumbered by a lien without disclosing said fact.

63.    As a result of the wrongful actions of all Defendants, Miss Dakieva was deprived

without reasonable basis of $76,000, loss of income and all other consequential damages.

64.    All Defendants either knew or recklessly disregarded the fact that the truck they

were attempting to sell had a lien on the title.

65.    Miss Dakieva substantial damages as a result of all Defendants conduct,

including, but not limited to, loss of $76,000, loss of income, legal fees, court costs and other

damages to be deduced at time of trial.

66.    The actions of All Defendant were committed in wanton, malicious and/or

reckless disregard for the rights, under the Act of Miss Dakieva.

67.    The actions of the Defendant were done without a reasonable basis – warranting

punitive damages.

**WHEREFORE**, plaintiff, Altyngul Dakieva, demand an award against Defendants Volodymyr

Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and VA Logistics, Inc. for compensatory,

statutory, punitive, and consequential damages; interest; costs; attorney's fees, delay damages

and any other relief this Court deems appropriate.

### V - BREACH OF CONTRACT
(Plaintiff, Altyngul Dakieva v. Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk,
Vasyl Avram and VA Logistics, Inc.)

68.    Plaintiff incorporates by reference paragraphs 1 – 67 as if fully set forth herein at

length.

69.     Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and VA Logistics, Inc. all materially breached the contract to sell the aforementioned truck when they did not disclose the truck was subject to a lien.

70.     As a direct and proximate result of the actions of All Defendants actions, as aforesaid, Miss Dakieva suffered, and continue to suffer, serious injury, including but not limited to loss of $76,000, loss of income costs, legal fees and other damages that may be deduced at time of trial.

**WHEREFORE**, plaintiff, Altyngul Dakieva, demand an award against Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and VA Logistics, Inc. for compensatory, statutory, punitive, and consequential damages; interest; costs; attorney's fees, delay damages and any other relief this Court deems appropriate.

## VI- UNJUST ENRICHMENT (QUANTUM MERUIT)
(Plaintiff, Altyngul Dakieva v. Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and VA Logistics, Inc.)

71.     Plaintiff incorporates by reference paragraphs 1 – 70 as if fully set forth herein at length.

72.     Due to the false, material and fraudulent representations made in the attempted sale of a truck that was encumbered with a lien, as referenced above, Miss Dakieva paid All Defendants, $76,000.

73.     At all times, Miss Dakieva relied upon all defendant's representations that the truck had clear title and/or was otherwise not encumbered by a lien.

74.     However, All Defendants never had clear title to give as the truck was encumbered by a lien.

75.     All defendants have refused to compensate Miss Dakieva for the attempted

conveyance of defective title to the truck.

76.     Miss Dakieva has suffered serious and continuous injury, including, but not

limited to, loss of $76,000, loss of income, legal fees, court costs and other damages to be

deduced at time of trial.

77.     All Defendants have been unjustly enriched by their refusal to pay Miss Dakieva

damages.

**WHEREFORE**, plaintiff, Altyngul Dakieva, demand an award against Defendants Volodymyr

Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and VA Logistics, Inc. for compensatory,

statutory, punitive, and consequential damages; interest; costs; attorney's fees, delay damages

and any other relief this Court deems appropriate.

## VII- PIERCING THE CORPORATE VEIL
(Plaintiff, Altyngul Dakieva v. Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk,
Vasyl Avram and VA Logistics, Inc.)

78.     Plaintiff incorporates by reference paragraphs 1 – 77 as if fully set forth herein at

length.

79.     At all relevant times, there was a unity of interest and ownership between

Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and VA Logistics,

Inc.

80.     At all relevant times, VA Logistics, Inc. was controlled by Defendants

Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and/or other parties not yet

known to Miss Dakieva.

81.    At all relevant times, VA Logistics, Inc. was the alter ego of Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and/or other parties not yet known to Miss Dakieva.

82.    Defendants VA Logistics, Inc., Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and/or other parties not yet known to Miss Dakieva were engaged in inappropriately transferring assets of value among themselves without exchange of substantive benefit.

83.    All meaningful assets ended in the possession of Defendants VA Logistics, Inc., Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and/or other parties not yet known to Miss Dakieva.

84.    Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and/or other parties not yet known to Miss Dakieva, have used VA Logistics, Inc. as mere instrumentalities for the transactions of the aforementioned Defendants own affairs and there is such unity of interest in ownership that the separate personalities of the defendant corporation VA Logistics, Inc. and the individuals Defendants no longer exists.

85.    The alter ego relationship is supported by, among other things: (i) the comingling of funds and assets and transfer of funds between corporate entities and the individually named defendants with no apparent benefit; (ii) the thinly capitalized nature of VA Logistics, Inc.; and (iii) use of VA Logistics, Inc. as a "mere shell."

86.    The alter ego relationship is supported by, among other things: (i) the comingling of funds and assets and transfer of funds between the corporate entities and the individually named defendants with no apparent benefit; (ii) the thinly capitalized nature of VA Logistics, Inc.; and (iii) use of VA Logistics, Inc. as a "mere shell."

87.     Upon information and belief VA Logistics, Inc. has transferred assets to Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and/or other parties not yet known to Miss Dakieva, and/or without reasonably equivalent value received by VA Logistics, Inc. and likely for the purpose of delaying or hindering creditors, including Miss Dakieva.

88.     Defendants, Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and/or other parties not yet known to Miss Dakieva, used VA Logistics, Inc. to perpetuate a fraud on the Miss Dakieva  as further described supra.

89.     An equitable result is achieved by disregarding the corporate form and holding Defendants, Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and/or other parties not yet known to Miss Dakieva personally liable for VA Logistics, Inc. breach of contract, fraud, deceit and other conduct as more stated fully herein.

90.     Without piercing the corporate veil, Miss Dakieva is unable to recoup damages and monies owed, including without limitation, by VA Logistics, Inc.

**WHEREFORE**, plaintiff, Altyngul Dakieva, demand an award against Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and VA Logistics, Inc. for compensatory, statutory, punitive, and consequential damages; interest; costs; attorney's fees, delay damages and any other relief this Court deems appropriate.

## VIII - UCC VIOLATIONS
(Plaintiff, Altyngul Dakieva v. Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and VA Logistics, Inc.)

91.     Plaintiff incorporates by reference paragraphs 1 – 90 as if fully set forth herein at length.

92.     Defendants VA Logistics, Inc., Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, and Vasyl Avram all violated the Uniform Commercial Code, as adopted by 13 Pa. C.S.A. Sections 1100, et seq. – 9800, et seq.

93.     Specifically, 13 Pa. C.S.A. Section 2201 requires "a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed."

94.     Defendants VA Logistics, Inc., Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, and Vasyl Avram never provided Miss Dakieva with a signed agreement for the purchase of the truck.

95.     All defendants violated 13 Pa. C.S.A. Section 2400, et seq. when they attempted to transfer title to the truck even though they did not have clear title to transfer.

96.     All defendants violated 13 Pa. C.S.A. Section 2600, et seq. when they did not deliver to Miss Dakieva clear title to the truck.

97.     All Defendants did not disclose the truck was encumbered by a lien when they attempted to sell it to Miss Dakieva, in violation of  13 Pa. C.S.A. Sections 1100, et seq.

98.      Miss Dakieva has suffered serious and continuous injury, including, but not limited to, loss of $76,000, loss of income, legal fees, court costs and other damages to be deduced at time of trial.

**WHEREFORE**, plaintiff, Altyngul Dakieva, demand an award against Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and VA Logistics, Inc. for compensatory, statutory, punitive, and consequential damages; interest; costs; attorney's fees, delay damages and any other relief this Court deems appropriate.

## IX - MVSF VIOLATIONS
(Plaintiff, Altyngul Dakieva v. Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk,
Vasyl Avram and VA Logistics, Inc.)

99.     Plaintiff incorporates by reference paragraphs 1 – 98 as if fully set forth herein at

length.

100.     Defendants VA Logistics, Inc., Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk,

and Vasyl Avram all violated the Motor Vehicle Sales Finance, 12 Pa. C.S.A. Sections 6200, et

seq.

101.     Specifically, 12 Pa. C.S.A. Sections 6221 requires installment sale contracts to be

in writing.

102.     All Defendants did not put their purported agreement to sell the lien encumbered

truck to Miss Dakieva in writing.

103.     All Defendants did not disclose the truck was encumbered by a lien when they

attempted to sell it to Miss Dakieva, in violation of 12 Pa. C.S.A. Sections 6200, et seq.

104.     Miss Dakieva has suffered serious and continuous injury, including, but not

limited to, loss of $76,000, loss of income, legal fees, court costs and other damages to be

deduced at time of trial.

**WHEREFORE**, plaintiff, Altyngul Dakieva, demand an award against Defendants Volodymyr

Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and VA Logistics, Inc. for compensatory,

statutory, punitive, and consequential damages; interest; costs; attorney's fees, delay damages

and any other relief this Court deems appropriate.

## X - NEGLIGENCE
(Plaintiff, Altyngul Dakieva v. Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk,
Vasyl Avram and VA Logistics, Inc.)

105.    Plaintiff incorporates by reference paragraphs 1 – 99 as if fully set forth herein at length.

106.    All Defendants VA Logistics, Inc., Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, and Vasyl Avram had a duty to disclose to Miss Dakieva that the truck she was attempting to purchase was encumbered by a lien.

107.    All Defendants breached their duty when they took $76,000 from Miss Dakieva without disclosing the title to the truck was encumbered by a lien.

108.    As a result of All Defendants breach of duty Miss Dakieva suffered serious and continuous injury, including, but not limited to, loss of $76,000, loss of income, legal fees, court costs and other damages to be deduced at time of trial.

109.    Said damages are a direct and proximate result of All Defendants failure to disclose the truck was encumbered by a lien.

**WHEREFORE**, plaintiff, Altyngul Dakieva, demand an award against Defendants Volodymyr Kurylo a/k/a Volodya, Vitalii Vitiuk, Vasyl Avram and VA Logistics, Inc. for compensatory, statutory, punitive, and consequential damages; interest; costs; attorney's fees, delay damages and any other relief this Court deems appropriate.

                                                      **BERCOVITCH LAW OFFICES, P.C.**


                                                      _____/s/_____
Date: July 5, 2022                                    DAVID M. BERCOVITCH, ESQUIRE
                                                      Attorney for Defendants